UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2 ERIC JEROME POWELL,

    Defendant.

_____/

Case No. 2:12-cr-20052-2
Civil Case No. 2:18-cv-13072

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S MOTION
TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [727]**

Defendant Eric Jerome Powell and his brother, who was also one of the co-defendants in the case, were leaders of a massive drug distribution and money laundering conspiracy. ECF 749, PgID 11399. On October 17, 2014, after a long a jury trial and unsuccessful flight to avoid sentence, the Court sentenced Defendant to concurrent terms of life in prison on each of three counts—(1) conspiracy to distribute marijuana, five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(i), and 841(b)(1)(D); (2) possession with intent to distribute one kilogram or more of heroin, or aiding and abetting in the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 18 U.S.C. § 2; and (3) possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 18 U.S.C. § 2— and twenty years in prison for one count of conspiracy to launder monetary

instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 1956(h), and 21 U.S.C. § 841(b)(1)(A). ECF 470, PgID 4019–20.

The Sixth Circuit affirmed Defendant's sentence on February 6, 2017. *See United States v. Powell*, 847 F.3d 760 (6th Cir. 2017). And the Supreme Court denied Defendant a writ of certiorari on October 2, 2017. *See Powell v. United States*, 138 S. Ct. 143 (2017) (Mem). Defendant timely filed the present motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. ECF 727. He then filed a motion to amend and/or supplement his § 2255 motion to address the applicability of a recent Sixth Circuit case. ECF 779. The Court granted the motion to amend and/or supplement, ECF 797, and the parties filed supplemental briefs. ECF 798, 802, 803. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will deny Defendant's § 2255 motion.

## BACKGROUND

Defendant was sentenced to life in prison for his role in a massive drug distribution and money laundering conspiracy. He now seeks to challenge his sentence under 28 U.S.C. § 2255 on five grounds: (1) pursuant a recent Supreme Court decision, *Carpenter v. United States*, 138 S.Ct. 2206 (2018), Defendant's Fourth Amendment rights were violated when law enforcement officers collected his cell phone identification and location data; (2) his Sixth Amendment right to the effective assistance of counsel was violated when his counsel failed to move to sever his trial from his co-defendants; (3) his Sixth Amendment right to the effective assistance of counsel was violated when his counsel failed to object to the career offender guideline

2

enhancement; (4) his Sixth Amendment right to the effective assistance of counsel was violated on appeal when his counsel failed to raise certain arguments; and (5) one of the statutes he was convicted under, 21 U.S.C. § 841, is unconstitutional as written and as applied.

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. The statute provides four different grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

Defendant withdrew the first ground for relief listed in his § 2255 motion—the ground based on the applicability of *Carpenter*. ECF 754, PgID 11439. The Court will address each of Defendant's four remaining arguments in turn.

3

I.    <u>Ineffective Assistance</u>

Three of Defendant's four grounds for relief are based on allegations of ineffective assistance of counsel. *See* ECF 727-1, PgID 11152–53. To succeed on any of his ineffective assistance of counsel claims, Defendant must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

    A.    *Failure to Move for Severance*

In his first remaining ground, Defendant claimed that his trial counsel was constitutionally ineffective because he failed to move to sever Defendant's trial from that of his co-defendants. ECF 727-1, PgID 11161–66. An "indictment or information may charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). But "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the [G]overnment, the [C]ourt may order separate

4

trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

Defendant's argument as to why his trial should have been severed from his co-defendants' trials was cursory and incoherent. Defendant repeatedly argued that he and one of his co-defendants—his brother, Carlos Powell—presented "antagonistic defenses" and cited caselaw pertaining to when antagonistic defenses mandate severance. *See* ECF 727-1, PgID 11162, 11164–65; ECF 754, PgID 11440–43. But Defendant did not once explain or even state what defenses or facts presented by Carlos Powell were antagonistic to Defendant's own defense. "Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003)). Defendant did not even come close to satisfying his burden with respect to antagonistic defenses.

The only factual argument Defendant raised was that evidence presented at trial about Carlos Powell and particularly about Carlos Powell's violent nature presented a risk of spilling over into the jury's impression of Defendant and inflaming the jury's passion against Defendant, particularly because Carlos Powell was not only Defendant's co-defendant but also his brother. *See* ECF 727-1, PgID 11165–66. Defendant argued that "[t]he passions and prejudices associated with a violent offender being let free in the community could easily, and unfairly spill over causing

5

the jury to view Petitioner as a violent offender because he was being tried along with co-defendants who were violent." *Id.* at 11166.

But "'[j]oint trials are favored in this circuit' and the 'spillover of evidence from one case to another does not require severance.'" *United States v. Dimora*, 750 F.3d 619, 631 (6th Cir. 2014) (quoting *United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) and *United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985)). And Defendant provided nothing beyond his generic allegation that evidence that Carlos Powell was violent may have spilled over into the jury's opinion of him to support his argument. Because spillover evidence in and of itself does not require severance and Defendant provided no specific factual allegations beyond a general risk of the admission of spillover evidence, the Court cannot find that it would have granted a motion for severance even if his trial counsel had filed one. Defendant therefore cannot demonstrate prejudice, and the Court will deny his § 2255 motion as to ineffective assistance for failure to move to sever the trial.

### B.    *Failure to Object to Guideline Enhancement*

Next, Defendant argued that his trial counsel was constitutionally ineffective because he failed to object to Defendant's career offender designation and because he failed to object to the quantity of drugs attributed to Defendant. ECF 727-1, PgID 11167–72. The Court permitted the parties to file supplemental briefs addressing the failure to object to the career offender designation after the Sixth Circuit issued a relevant opinion addressing whether attempt crimes serve as valid prior convictions that justify a career offender designation: *United States v. Havis*, 927 F.3d 382 (6th

6

Cir. 2019). *See* ECF 797, 798, 802, 803. But even applying the Sixth Circuit's holding in *Havis*, Defendant can show neither that his attorney's failure to object to his career offender designation was deficient under *Strickland* nor that he was prejudiced by his attorney's failure to object.

In *Havis*, the Sixth Circuit held that "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes." *Havis* 927 F.3d at 387. And Defendant's career offender designation was predicated on past convictions for attempt crimes. *See* ECF 802, PgID 11912. But the Sixth Circuit squarely held that *Havis* constituted a change in the law and that a failure to object to a career offender designation based on attempt crimes prior to *Havis* was reasonable. *Bullard v. United States*, 937 F.3d 654, 661–62 (6th Cir. 2019). The Sixth Circuit reasoned that before *Havis*, its "decision in *Evans* held the opposite: 'offering to sell a controlled substance constitutes an attempt to distribute a controlled substance, and thus a conviction under the statute categorically qualifies as a controlled substance offense.'" *Id.* at 661 (quoting *United States v. Evans*, 699 F.3d 858, 868 (6th Cir. 2012)). And the Sixth Circuit emphasized that it has "repeatedly held that counsel is not ineffective for failing to predict developments in the law." *Id.* (quoting *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018)). Because the Sixth Circuit has squarely addressed the issue at hand and held that a pre-*Havis* failure to object to a career offender designation predicated on past attempt-crime convictions is reasonable, the Court must deny this ground of Defendant's motion.

Further, Defendant cannot demonstrate prejudice because his advisory guideline range was life in prison with or without the career offender designation. As Defendant's sentencing memorandum acknowledged, his offense level was 52 but was reduced to 43 because 43 is the highest offense level in the Sentencing Guidelines. ECF 452, PgID 3472 (Defendant's sentencing memorandum, citing the presentence report). And the guideline sentencing "range" for an offense level of 43 is simply "life" regardless of what criminal history category Defendant is in and regardless of whether Defendant is designated as a career offender. *See* UNITED STATES SENTENCING COMMISSION, *2018 Chapter 5: Part A—Sentencing Table*, https://www.ussc.gov/guidelines/2018-guidelines-manual/2018-chapter-5 (last visited June 15, 2020). Because eliminating the career offender designation would not have altered Defendant's advisory guideline range, he cannot show that he was prejudiced by his attorney's failure to object to the designation.

Defendant also argued that his trial counsel performed deficiently when he failed to object to the quantity of drugs attributed to Defendant. ECF 727-1, PgID 11169–72. He argued that he should have been held responsible only for the amount of drugs reflected in the jury verdict and that those amounts would have supported an initial base offense level of 32 rather than 38. ECF 754, PgID 11449. But, regardless of any other argument, Defendant again cannot show prejudice based on a failure to object to his drug amounts because it would not have changed his final adjusted offense level.

8

Defendant admitted that after his enhancements were calculated, his adjusted offense level was 52, which was reduced to 43 because that is the highest offense level permitted by the Guidelines. *See* ECF 727-1, PgID 11151. Because the difference between 52 and 43—nine—is greater than the difference between 32 and 38—six—Defendant's offense level would still have been above 43 even if his initial base offense level was 32. And his offense level would therefore have been reduced to 43 just as it was during his sentencing. *See* UNITED STATES SENTENCING COMMISSION, *2018 Chapter 5: Part A—Sentencing Table, Note 2*, https://www.ussc.gov/guidelines/2018-guidelines-manual/2018-chapter-5 (last visited June 15, 2020) ("An offense level of more than 43 is to be treated as an offense level of 43"). Defendant cannot show that he was prejudiced by his counsel's failure to object to the drug amounts. The Court need not address the performance prong and will deny this ground of Defendant's § 2255 motion. *See Strickland*, 466 U.S. at 697. ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

C. *Appellate Counsel*

In his third remaining ground, Defendant argued that his appellate counsel was ineffective for failing to raise certain arguments on appeal. ECF 727-1, PgID 11173–75. Specifically, Defendant argued that his appellate counsel should have "challenge[d] the warrantless search and seizure of" several vehicles during the investigation of the case. *Id.* at 11174–75. But, as noted in the motion to suppress evidence that Defendant and his co-defendants jointly filed before trial, the police

9

conducted warrantless searches of vehicles operated by Benny Whigham, Juan Valle, Ernest Progue, and Margareta Lopez de Vallejo—and not any vehicle operated by Defendant. ECF 74, PgID 162. When responding to the Government pointing out that fatal flaw in his ineffective assistance of appellate counsel claim, Defendant did not contest the fact or claim that he owned any of the vehicles that were searched. *See* ECF 754, PgID 11450–51. Rather, he argued that the Government's argument was "inconsistent with the Government's other claim that all acts of others charged in the offense [were] admissible against [Defendant]." *Id.* at 11450. But Defendant misunderstands both the Government's argument and the relevant law.

Federal courts are not authorized "to suppress otherwise admissible evidence on the ground that it was seized unlawfully from a third party not before the court." *United States v. Payner*, 447 U.S. 727, 735 (1980). The Fourth Amendment "interest in deterring illegal searches does not justify the exclusion of tainted evidence at the insistence of a party who was not the victim of the challenged practices." *Id.* Even in multi-defendant conspiracy cases, "suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Co-conspirators and codefendants have been accorded no special standing." *Alderman v. United States*, 394 U.S. 165, 171–72 (1969).

Defendant's appellate counsel could therefore have raised a successful Fourth Amendment argument on appeal only if Defendant could demonstrate that he "had either a property interest protected by the Fourth Amendment that was interfered

10

with by the stop[s] of the automobile[s] . . . or a reasonable expectation of privacy that was invaded by the search[es] thereof." *United States v. Padilla*, 508 U.S. 77, 82 (1993). And mere "joint control and supervision over the drugs and vehicle[s] and . . . active participation in a formalized business arrangement" of running a drug conspiracy is insufficient to establish a reasonable expectation of privacy. *See id.* at 80 (quoting and reversing the underlying Ninth Circuit opinion). Here, Defendant did not provide any argument or evidence that he had a property interest or reasonable expectation of privacy in any of the searched vehicles. He failed to demonstrate by a preponderance of the evidence that there was a legitimate Fourth Amendment argument that his appellate counsel could have raised and that failing to raise it constituted deficient performance under *Strickland*. The Court will therefore deny Defendant's third and final ineffective assistance claim.

II.  Constitutionality of 21 U.S.C. § 841

Finally, Defendant argued that 21 U.S.C. § 841 is unconstitutional as written and as applied. ECF 727-1, PgID 11175–79. But Defendant did not raise the claim on appeal. *See generally Powell*, 847 F.3d 760. And "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citations omitted). To show cause and prejudice, Defendant must show "that he possessed good cause for" failing to raise the claim on direct appeal "and would suffer actual prejudice if his averments [were] deemed precluded." *Fair v. United States*, 157 F.3d 427, 430 (6th

11

Cir. 1998) (citations omitted). Alternatively, Defendant could show "that he is actually innocent of the subject offense." *Id.* (citations omitted).

Defendant not only failed to make either showing, but he also admitted "that his claim is not supported by current Circuit or Supreme Court precedent[] but assert[ed] in good faith that the law should change." ECF 754, PgID 11451. Because Defendant procedurally defaulted the claim, failed to make the appropriate showings to excuse the default, and conceded that the claim is not supported by precedent, the Court will deny the final ground of Defendant's § 2255 motion.

Because Defendant withdrew the first ground and the Court denied each of the remaining grounds for his § 2255 motion, the Court will deny the motion and close the correlating civil case.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to vacate sentence under 28 U.S.C. § 2255 [727] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** Civil Case No. 2:18-cv-13072.

**SO ORDERED**.

                                           s/Stephen J. Murphy, III
                                           STEPHEN J. MURPHY, III
                                           United States District Judge

Dated: June 19, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 19, 2020, by electronic and/or ordinary mail.

                                           s/David P. Parker
                                           Case Manager