UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

D-2 ERIC JEROME POWELL,

          Defendant.

          Case No. 2:12-cr-20052-2

          HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER**
**DENYING MOTION TO REDUCE SENTENCE [850]**

In 2014, the Court sentenced Defendant Eric Jerome Powell to concurrent life terms in prison for charges related to cocaine, marijuana, and heroin distribution, and to twenty years for his participation in a money laundering scheme. ECF 470, PgID 4019–20. Defendant moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 850. Defendant claimed that he has established extraordinary and compelling circumstances for four general reasons: (1) the health risks that he may suffer from contracting COVID-19 in prison, (2) his "significant post-offense rehabilitation and low threat to recidivate, and" (3) his life sentence is "exceedingly long for a nonviolent drug offense[.]" ECF 850, PgID 12419. And four, combining all the above factors "provide[s] extraordinary and compelling reasons" to reduce Defendants' sentence. *Id.* After reviewing the motion and the Government's response, ECF 853, the Court will deny the motion for the reasons below.

1

## BACKGROUND

Defendant is forty-two years old and currently serving a life sentence in United States Penitentiary ("USP") Lewisburg. ECF 850, PgID 12411. Almost six years ago, the Court sentenced Defendant to life in prison because he was part of a large drug conspiracy—the largest drug conspiracy that the Court has ever seen. ECF 500, PgID 5467–68.

While in prison, Defendant has sought out educational opportunities, including earning his GED. ECF 850-2, PgID 12437–40; ECF 850-4, PgID 12446–47. Defendant also lacked any disciplinary history in the six months before moving for compassionate release. ECF 850-4, PgID 12447. Last summer, Defendant contracted COVID-19 and recovered in just over a week. ECF 856-1, PgID 12771–801 (under seal). Defendant's medical records also show that Defendant has exhibited no complications from his COVID-19 infection and that throughout the infection, Defendant never had a fever, cough, dyspnea (difficulty breathing), or chest pain. ECF 850-1, PgID 12436; ECF 856-1, PgID 12771–801, 12806 (under seal). In fact, the day before Defendant moved for compassionate release, a nurse noted that Defendant had no COVID-19 signs or symptoms and that he voiced no complaints related to COVID-19. ECF 856-1, PgID 12829 (under seal).

## LEGAL STANDARD

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's

request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

If Defendant satisfies the exhaustion requirement, then he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must "find that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A)); *but see United States v. Hampton*, 985 F.3d 530 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). Third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

## DISCUSSION

To begin, the Government conceded that Defendant had exhausted his administrative remedies. ECF 853, PgID 12459; *see* 18 U.S.C. § 3582(c)(1)(A). The Court agrees that Defendant satisfied the exhaustion requirement of § 3582(c)(1)(A) because he completed the administrative process with the Bureau of Prisons. *See* ECF

3

850-1 (warden's letter denying compassionate release). The Court will therefore address the merits of the motion.

To be eligible for compassionate release, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In the past, the Court has deferred to the first comment to Section 1B1.13 of the Sentencing Guidelines to define what is an "extraordinary and compelling reason[.]" *See United States v. Jones*, No. 14-cr-20176-1, 2020 WL 5993234, at *1 (E.D. Mich. Oct. 9, 2020) (Murphy, J.). But since then, the Sixth Circuit has explained that "U.S.S.G. § 1B1.13 is not an 'applicable' policy statement" for compassionate-release motions brought directly by inmates. *Jones*, 980 F.3d at 1108. To that end, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are "extraordinary and compelling[.]" *United States v. McDonel*, --- F. Supp. 3d ---, No. 07-20189, 2021 WL 120935, at *3 (E.D. Mich. Jan. 13, 2021) (Lawson, J.); *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (Cleland, J.). Those analyses focus on the definitions of the words "extraordinary" and "compelling[.]" *Baydoun*, 2020 WL 4282189, at *2. "'Extraordinary' is defined as 'exceptional to a very marked extent.'" *Id.* (citing *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020)); *see also Extraordinary*, Black's Law Dictionary (11th ed. 2019) ("Beyond what

4

is usual, customary, regular, or common."). And "'[c]ompelling' is defined as 'tending to convince or convert by or as if by forcefulness of evidence.'" *Baydoun*, 2020 WL 4282189, at *2 (citing *Compelling*, Webster's Third International Dictionary, Unabridged (2020)); *see also Compel*, Black's Law Dictionary (11th ed. 2019) ("[T]o convince (a court) that there is only one possible resolution of a legal dispute."). The Court finds these definitions persuasive because when Congress does not define a term, the Court must look to the ordinary meaning of the words to divine the term. *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 407 (2011).

Altogether, the Court finds that an "extraordinary and compelling reason" is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *See Extraordinary*, Black's Law Dictionary; *Compelling*, Webster's Third International Dictionary. Put another way, an extraordinary and compelling reason is one that is "beyond what is usual, customary, regular, or common," and is "so great that irreparable harm or injustice would result if [the relief] is not granted." *United States v. Sapp*, No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (alteration in original) (quotation omitted).

As explained earlier, Defendant's asserted extraordinary and compelling reasons can be grouped in four categories. For the first category—Defendant's concerns about COVID-19—Defendant presented four points to support finding an extraordinary and compelling reason. ECF 850, PgID 12419–26. One, there is an "uncontrolled COVID-19 outbreak at USP Lewisburg (and within BOP generally)[.]"

5

*Id.* at 12419. Two, Defendant has "preexisting health conditions including morbid obesity and high blood pressure[.]" *Id.* Three, Defendant "contracted COVID-19 while in solitary confinement and is currently suffering symptoms of the illness[.]" *Id.* Four, "USP Lewisburg and the BOP are ill equipped [sic] to control the spread of the virus or to insure [sic] the safety of [Defendant] during the outbreak[.]" *Id.* All Defendant's points boil down to one overarching concern: "[Defendant] will likely suffer irreparable harm or death if he is not transferred to home confinement until the COVID-19 epidemic has been quelled." *Id.* at 12423.

But the Court does not find Defendant's arguments persuasive because Defendant already contracted the COVID-19 virus and recovered quickly. *Id.* at 12420. Although Defendant claimed that he is now "suffering the consequences of being infected[,]" Defendant presented no medical records that show any lingering health consequences. *See id.* To the contrary, Defendant has exhibited no complications from COVID-19. ECF 850-1, PgID 12436; ECF 856-1, PgID 12771–801, 12829 (under seal).

At any rate, the Court has extensively reviewed the existing scientific literature and finds that the scientific consensus does not support Defendant's COVID-19 concerns. *See Elias*, 984 F.3d at 521 (holding that a district court did not abuse its discretion when it relied on scientific journals to determine that a defendant did not have a heightened risk of complications from COVID-19). For example, research from the National Institutes of Health ("NIH") has explained that 95% of individuals who recover from COVID-19 have up to eight months immunity to the

6

virus. *See Lasting Immunity Found After Recovery From COVID-19*, NIH, (Jan. 26, 2021), https://bit.ly/3rjf10Y, [https://perma.cc/ZC54-APZ7]. Likewise, other cases in the Eastern District of Michigan have reviewed the scientific literature and found that an inmate's extremely low risk of a COVID-19 reinfection is not an extraordinary and compelling reason warranting release under the First Step Act. *See United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at *3 (E.D. Mich. Nov. 9, 2020) (Cleland, J.); *United States v. Lawrence*, No. 17-20259, 2020 WL 5944463, at *2 (E.D. Mich. Oct. 7, 2020) (Roberts, J.) (collecting cases). The Court therefore does not find that Defendant's concerns about COVID-19 are extraordinary and compelling to warrant release.

Next, Defendant claimed that his "significant post-offense rehabilitation and low threat to recidivate" is an extraordinary and compelling reason warranting release. ECF 850, PgID 12419, 12431–33. But that rationale is not extraordinary and compelling because the Court cannot find that a few years of good behavior is so uncommon to qualify as "extraordinary" or so forceful to be "compelling[.]" After all, Defendant is a "career offender" with an extensive criminal history. ECF 500, PgID 5467. Thus, "[t]he fact that [Defendant] is thriving in prison, away from any access to [] drugs, underscores the need for the sentence [that] the Court imposed . . . ." *See United States v. Spencer*, No. 1:15-cr-375, 2020 WL 3047439, at *5 (N.D. Ohio June 8, 2020).

Defendant's other claim—that his "life sentence is exceedingly long for a nonviolent drug offense and primarily resulted from the exercise of his constitutional

7

right to contest the charges against him at trial"—is also not an extraordinary and compelling reason warranting release. ECF 850, PgID 12419, 12426–31. For one, nothing about Defendant's sentence is "beyond what is usual, customary, regular, or common[.]" *Extraordinary*, Black's Law Dictionary (11th ed. 2019). After all, the Court sentenced Defendant to a sentence within the applicable Guideline range. ECF 500, PgID 5468. It should go without saying that a sentence within the Guidelines is not unusual. On that basis, Defendant has not shown that Congress or the Sentencing Commission has since reduced the punishments for his crimes. *See* 18 U.S.C. § 3582(c)(2) (the Court "may reduce the term of imprisonment" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."). The Court therefore cannot find that this ground is an extraordinary and compelling reason for release.

Last, Defendant claimed that all the factors explained above—when put together—create an extraordinary and compelling reason for release. ECF 850, PgID 12433. But the Court disagrees. There is nothing unusual about a defendant who has a low chance of a COVID-19 reinfection and has had a few years of good behavior during his long sentence. With that in mind, the Court finds that no "irreparable harm or injustice" would result under the current circumstances if Defendant is not released. *Sapp*, No. 14-20520, 2020 WL 515935, at *3. Specifically, "[the] Court is unaware of any authority indicating that an inmate's 'extraordinary rehabilitation' would constitute an extraordinary and compelling reason for relief." *United States v.*

8

*Johnson*, No. 11-20767, 2021 WL 228905, at *3 (E.D. Mich. Jan. 22, 2021). Moreover, when a defendant is eligible for compassionate release because of a long sentence, Courts have only found eligibility if the sentence "would not be imposed under the law today" and the defendant was young at the time of sentencing and has a record of rehabilitation. *McDonel*, --- F. Supp. 3d ---, 2021 WL 120935, at *4. But none of those factors are present here: Defendant has not shown that his sentence would change under the law today and the Court sentenced Defendant six years ago when he was thirty-six years old. ECF 500 (sentencing transcript); ECF 850, PgID 12411 (explaining that Defendant is forty-two years old). The Court will therefore deny compassionate release because Defendant has not shown an extraordinary or compelling reason to warrant a reduction in his sentence.

**WHEREFORE**, it is hereby **ORDERED** that the motion to reduce sentence [850] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 17, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 17, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

9