UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,

v.

ERIC JEROME POWELL,

              Defendant.

                                /

Case No. 2:12-cr-20052-2

HONORABLE STEPHEN J. MURPHY, III

## ORDER TRANSFERRING PETITION [924]

Eric Jerome Powell is serving a life sentence for running a massive drug distribution and money laundering conspiracy. ECF No. 470, PageID.4020; ECF No. 644, PageID.10484. In June 2020, the Court denied Powell's first petition for a writ of habeas corpus under 28 U.S.C. § 2255. ECF No. 811. Years later in October 2025, Powell filed a motion that invoked Federal Rule of Civil Procedure 60(b)(6). ECF No. 924. The Government responded and argued that Powell's motion was really a successive habeas petition. ECF No. 931, PageID.13298. Because Powell did not get authorization from the Sixth Circuit under 28 U.S.C. § 2244(b)(3) prior to filing the petition, the Government asked the Court to transfer the petition to the Sixth Circuit. *See id.* Powell did not reply. For the reasons below, the Court agrees with the Government and will transfer the petition to the Sixth Circuit.

### LEGAL STANDARD

"Second or successive" habeas petitions must be certified by the court of appeals in accordance with § 2244. *See* 28 U.S.C. § 2255(h). That statute, in turn,

1

requires the petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As a result, when a litigant files a successive habeas petition in district court without prior authorization, it must be transferred to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

By contrast, motions under Federal Rule of Civil Procedure 60(b) seek relief from "a final judgment, order, or proceeding." The Rule enumerates six grounds for relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b), however, is not a vehicle for relitigating the merits. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

In the habeas context, Rule 60(b) motions can be successive petitions in disguise. *See In re West*, 103 F.4th 417, 420 (6th Cir. 2024). A purported 60(b) motion is really "a habeas petition when it advances one or more claims. A claim is present when the motion seeks to add a new ground for relief or attacks the federal court's previous resolution of a claim on the merits." *Id.* (citation omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

## DISCUSSION

Here, the Court must determine whether Powell's motion is really a habeas petition that is subject to the habeas rules or whether it is a bona fide Rule 60(b) motion. Although the motion is difficult to decipher and at times incoherent, the Court finds that it is best construed as a successive petition for two reasons.

*First*, Powell asked the Court to grant the motion, in part, because "the Presumption of innocence had already been destroyed as shown by the Indictment as well as the Irrelevant Evidence Introduced, as it relates to the Charges or sentencing factor(s), or Both." ECF No. 924, PageID.13265. To the extent that Powell is complaining about the introduction of certain evidence at his trial, the Sixth Circuit already denied those arguments on direct appeal. *See* ECF No. 644, PageID.10488–10597 (affirming the Court's denial of several motions to suppress evidence).

As to the "Irrelevant Evidence Introduced," the Court previously denied Powell's ineffective assistance of counsel claim based on his appellate lawyer's failure to raise certain Fourth Amendment arguments on appeal. ECF No. 811, PageID.11987–11989. As to the "sentencing factor(s)" issue Powell raised, the Court previously denied a different ineffective assistance of counsel claim based on Powell's lawyer's failure to object to a career offender designation and a drug quantity figure. *Id.* at PageID.11984–11987. Each of Powell's arguments was already litigated and decided. Accordingly, the Court reads Powell's motion as seeking to challenge the Court's prior merits-based resolution of his habeas petition. And a merits-based

3

challenge to a prior determination by the Court falls outside of Rule 60(b). *Gonzalez*, 545 U.S. at 532.

*Second*, Powell took issue with the evidence considered by the Court on the first habeas petition. *See* ECF No. 924, PageID.13261 (discussing how "the Court Court [sic] could have directed the Record to be Expanded"). In the introduction to his brief, Powell wrote that "[t]his §2255 Case, Involves An Unreliable Record, Where this Court Can and Must Readily make a determination that the Habeas Record will Always have an Incompleteness." *Id.* at PageID.13259.

Based on these phrases, it appears that Powell takes issue with the lack of an evidentiary hearing for his initial petition. *See* 28 U.S.C. § 2255(b) (discussing when courts hold hearings to "make findings of fact" for disposition of habeas petitions). But the lack of a hearing goes to the merits of his initial petition. Because the Court did not hold a hearing, it necessarily determined that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See id.* Thus, for Powell to argue that the Court erred by not expanding the record is to say that the Court erred by dismissing the petition. Again, however, a merits-based challenge to a prior determination by the Court falls outside of Rule 60(b). *Gonzalez*, 545 U.S. at 532.

To conclude, although Powell's motion is at times difficult to understand, based on the portions of the motion identified above, the Court believes that it is best read as a successive petition. The Court will therefore transfer the petition to the Sixth Circuit. *See In re Sims*, 111 F.3d at 47.

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate [924] is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

This is a final order that closes case 25-cv-13462.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 23, 2026

5